IN THE UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF GEORGIA

ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| F. NEAL PYLANT, JR. | ) | CHAPTER 13 CASE NO.: |
| Debtor | ) | 11-30671 JPS |
| | ) | OFFICE CODE: 3 |

| | | |
|---|---|---|
| NORMA JEAN PYLANT | ) | |
| Plaintiff | ) | |
| | ) | Adversary Proceeding |
| Vs. | ) | No. _____ |
| | ) | |
| F. NEAL PYLANT, JR. | ) | COMPLAINT |
| Defendant/Debtor | ) | |

**OBJECTION TO DISCHARGE OF DOMESTIC SUPPORT OBLIGATION**

NOW COMES Norma Jeanne Pylant and files her complaint objecting to the discharge by Debtor of certain domestic support obligations as proposed in Debtor's Chapter 13 plan in the above captioned case.

FACTS

1.

Norma Jeanne Pylant ("Norma") and F. Neal Pylant, Jr. ("Debtor") were married to each other on December 10, 1983.

2.

Debtor is a dentist licensed to practice in the State of Georgia and has been in the private practice of dentistry for 27 years.

3.

When Debtor began his dentistry practice in 1983, Norma worked in the practice as Debtor's only employee for approximately two years.

4.

When Norma became pregnant with the Pylants' first child, she discontinued her employment in Debtor's dental practice.

5.

Norma has not subsequently worked outside the home, raising the couple's children and supporting Debtor's dental practice by being active in the local dental auxiliary.

6.

As a result of their marriage, the Pylants had four children.

7.

In 2007, Debtor filed for divorce against Norma in the Superior Court of Oconee County, Georgia, Civil Action No. 2007-CV-0145-J.

8.

At the time of the filing of the divorce action, three of the Pylants' children were minors.

9.

As a part of the settlement agreement between the parties, which agreement was incorporated into the final judgment and decree of divorce, Debtor obligated himself to provide a residence for Norma and their minor children.

10.

The divorce decree required Debtor to make the monthly mortgage payments on the marital residence currently occupied by Norma and the three minor children until such time as

this marital residence sold and Debtor provided substitute housing for Norma and the three children at a cost not to exceed $415,000.00.

11.

In the event Norma selected a substitute house at a price of less than $415,000.00, Debtor was obligated to pay Norma the difference between the cost of the house she selected and the $415,000.00 allowance.

12.

Debtor has stopped making the monthly mortgage payment on the marital residence.

13.

Debtor's proposed Chapter 13 plan regarding his domestic support obligations does not include his obligation to provide a residence for Norma and his minor children.

14.

Debtor's plan attempts to avoid and abrogate Debtor's responsibility to provide such residence. Debtor is seeking to discharge his domestic support obligation to provide a residence for Norma and his minor children.

15.

There is a great disparity in the income of the parties. Debtor continues his successful dental practice, while Norma has been outside the work force for over 25 years.

16.

Norma, individually, and on behalf of their minor children, is a party in interest with the right to file an objection to Debtor's attempted discharge of his domestic support obligation.

OBJECTION

17.

This is a core proceeding and this court has jurisdiction over this matter. (28 U.S.C. § 157(b) (2) (I)).

18.

Debtor's obligation to provide a residence for Norma and their minor children is a domestic support obligation which is not dischargeable in bankruptcy (11 U.S.C. § 523(a) (5)).

19.

Norma objects to Debtor being allowed to discharge his domestic support obligation in the amount of $415,000.00.

WHEREFORE, Plaintiff demands:

(a) Debtor be prohibited from discharging his domestic support obligation to provide a residence for Norma and the minor children in the amount of $415,000.00;

(b) The cost of this action be cast against Debtor; and

(c) For such other and further relief the court deems just and proper.

Timmons, Warnes & Associates, LLP
244 E. Washington Street
Athens, GA 30601
(706) 548-8668
*jcwarnes@classiccitylaw.com*

James C. Warnes
Attorney for Norma Jeanne Pylant
GA Bar No. 738075

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| F. NEAL PYLANT, JR. | ) | CHAPTER 13 CASE NO.: |
| | ) | 11-30671 JPS |
| | ) | OFFICE CODE: 3 |

| | | |
|---|---|---|
| NORMA JEAN PYLANT | ) | |
| Plaintiff | ) | |
| | ) | Adversary Proceeding |
| Vs. | ) | No. _____ |
| | ) | |
| F. NEAL PYLANT, JR. | ) | COMPLAINT |
| Defendant/Debtor | ) | |

### CERTIFICATE OF SERVICE

The undersigned counsel for NORMA JEANNE PYLANT in the above-styled action hereby certifies that he has this day served the following with a copy of the foregoing COMPLAINT and SUMMONS for her **OBJECTION TO DISCHAGE OF DOMESTIC SUPPORT OBLIGATION** by mailing a copy to Debtor by first Class Mail addressed to:

**Dr. F. Neal Pylant, Jr.
205 Meadowview Road
Athens, GA 30606**
and by electronically mailing a copy of same to:

| | | |
|---|---|---|
| Ernest Harris | Camille Hope | Assistant U.S. Trustee |
| Harris & Liken | Chapter 13 Trustee | Middle District of Georgia |
| Attorney for Debtor | *chope@chapter13macon.com* | *elizabeth.a.hardy@usdoj.gov* |
| *ehlaw@bellsouth.net* | | |

This 29 day of August, 2011.

Timmons, Warnes & Associates, LLP
244 E. Washington Street
Athens, GA 30601
(706) 548-8668
*jcwarnes@classiccitylaw.com*

_____
James C. Warnes
Attorney for Norma Jeanne Pylant
GA Bar No. 738075