UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| IN RE: | * |
| | * |
| F. NEAL PYLANT, JR., | *  CHAPTER 13 |
| Debtor. | *  CASE NO. 11-30671-jps |
| | * |
| NORMA JEANNE PYLANT, | * |
| Plaintiff, | * |
| | *  ADVERSARY PROCEEDING |
| v. | *  NO. 11-03056 |
| | * |
| F. NEAL PYLANT, JR., | * |
| Defendant. | * |

## ANSWER

COMES NOW F. NEAL PYLANT, JR. ("Defendant" or "Debtor") and responds to Plaintiff's Objection to Discharge of Domestic Support Obligation as follows:

### FIRST DEFENSE

Defendant's obligation to provide Plaintiff with a home worth $415,000.00 is not a domestic support obligation ("DSO"), but rather a division of property pursuant to the settlement agreement between the parties and is, thus, dischargeable under 11 U.S.C. § 1328.

### SECOND DEFENSE

Defendant cannot obtain confirmation of a Chapter 13 Plan that fails to provide for full payment of a DSO, nor can his Plan be confirmed if he is not current on all DSO's by date of confirmation. The issue raised in the complaint is a confirmation issue, not a dischargeability issue and should be decided at the confirmation hearing.

### THIRD DEFENSE

The separately numbered paragraphs of the Objection are answered as follows:

1.

Paragraph 1 is admitted.

2.

Paragraph 2 is admitted.

3.

Paragraph 3 is admitted.

4.

Paragraph 4 is admitted.

5.

Paragraph 5 is admitted.

6.

Paragraph 6 is admitted.

7.

Paragraph 7 is admitted.

8.

Paragraph 8 is admitted.

9.

Paragraph 9 is denied as Defendant did not obligate himself to provide a residence for his minor children as part of the settlement agreement. It is admitted, however, that the division of property pursuant to this agreement stipulated that Defendant provide a residence for Plaintiff.

10.

Paragraph 10 is denied with respect to the characterization of all three of the children as minor children, as only two of the children were minor children at the date of the bankruptcy

filing, and only one child remains a minor at the date of this Answer. Paragraph 10 is also denied as the obligation of Debtor to make monthly mortgage payments or provide substitute housing was made for the benefit of Plaintiff, not their children, per the settlement agreement between the parties, which was incorporated into the final judgment and decree of divorce.

11.

Paragraph 11 is admitted.

12.

Paragraph 12 is admitted as of the date of Debtor's bankruptcy filing.

13.

Paragraph 13 is denied as there is no obligation to provide a residence to Debtor's children. Debtor does admit that any obligation to provide a residence to Plaintiff is not a DSO.

14.

Paragraph 14 is denied.

15.

Debtor admits that both his income and expenses exceed that of Plaintiff and that one of the reasons is that Plaintiff is not gainfully employed, though she is fully able to be employed.

16.

Paragraph 16 is denied as Plaintiff is not acting on behalf of "their minor children" and Debtor is not attempting to receive a discharge of any DSO, and further shows that a DSO cannot be discharged.

17.

Paragraph 17 is admitted.

18.

Paragraph 18 is denied.

19.

Paragraph 19 does not require a response from Defendant, but to the extent that a response is required, Paragraph 19 is denied.

WHEREFORE, Defendant respectfully requests the following relief:

(a) That the relief requested by Plaintiff be denied;

(b) That judgment be entered against Plaintiff and in favor of Defendant; and

(c) That this Complaint be treated as an objection to confirmation rather than objection to discharge and that the issues raised herein be decided at the hearing on confirmation of Debtor's Plan;

(d) That the Complaint be dismissed as unnecessary and duplicative as Plaintiff has or may object to confirmation of Debtor's Plan on the same grounds; and

(e) For such other and further relief as the Court deems just and equitable.

This 31 day of August, 2011.

HARRIS & LIKEN, LLP

By: _____
ERNEST V. HARRIS
State Bar No. 329700
Attorney for Defendant

P.O. Box 1586
Athens, GA 30603
(706) 613-1953

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| F. NEAL PYLANT, JR., | * | CHAPTER 13 |
|    Debtor. | * | CASE NO. 11-30671-jps |
| | * | |
| NORMA JEANNE PYLANT, | * | |
|    Plaintiff, | * | |
| | * | ADVERSARY PROCEEDING |
| v. | * | NO. 11-03056 |
| | * | |
| F. NEAL PYLANT, JR., | * | |
|    Defendant. | * | |

## CERTIFICATE OF SERVICE

I certify that I have served a true and correct copy of the foregoing **ANSWER** with sufficient postage attached thereto by way of first-class mail, postage prepaid, addressed to the following:

   James C. Warnes
   Timmons, Warnes & Associates, LLP
   244 E. Washington Street
   Athens, GA 30601

and by electronically mailing a copy of same to:

   Camille Hope, Chapter 13 Trustee
   chope@chapter13macon.com

This 31st day of August, 2011.

                                                    ERNEST V. HARRIS

HARRIS & LIKEN, LLP
P.O. Box 1586
Athens, GA 30603
(706) 613-1953